# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

---

№ 08-CV-4270 (JFB) (AKT)

---

WILLIAM A. MORALES, REVLON MCCOY, SHERMAN TAYLOR,
JOSE B. MOLINA, OPHELIA MOSELEY, WINSTON HILL,
DUANE DOTSON, PATRICK JABBOUR, ANN FOLLON, and CATHY BRINSON,

Plaintiffs,

VERSUS

RICHARD DORMER, in his official capacity as commissioner of the
Suffolk County Police Department,
THOMAS SPOTA, in his official capacity as District Attorney of Suffolk County,
and COUNTY OF SUFFOLK,

Defendants.

---

**ORDER ADOPTING REPORT & RECOMMENDATION**
September 29, 2009

---

JOSEPH F. BIANCO, District Judge:

Plaintiffs brought this action pursuant to 42 U.S.C. § 1983, alleging that defendants violated their First and Fourteenth Amendment rights under the Constitution by seizing and retaining their property and failing to comply with Suffolk County law. On December 15, 2008, plaintiffs filed a letter, requesting a motion "to discuss the release of plaintiffs' property" pending prosecution of the instant case, which appears to be a request for interim relief. By Order dated January 13, 2009, this Court referred plaintiffs' application to the Honorable A. Kathleen Tomlinson, United States Magistrate Judge, for a report and recommendation. By Order dated September 4, 2009, Judge Tomlinson issued a Report and Recommendation (hereinafter, "R&R"), a copy of which is attached and incorporated herein, recommending that plaintiffs' application be denied as premature, without prejudice for renewal at a later juncture, with the benefit of a better-developed evidentiary record. For the reasons set forth below, the

Court agrees, and adopts the R&R in its entirety.

## I. STANDARD OF REVIEW

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of a Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific, written objection" is made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). As to portions of a report to which specific written objections are made, the Court reviews such findings *de novo*. *See* Fed. R. Civ. P. 72(b); *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).

## II. DISCUSSION

The Court has conducted a review of the full record, including, *inter alia*, the complaint, the parties' respective letter submissions in connection with plaintiffs' applications, as well as the R&R, and the applicable law. Because plaintiffs did not submit objections by the deadline set by this Court, the Court reviewed the entirety of the R&R for clear error.[1]

The Court agrees with the assessment of the R&R that plaintiffs' application appears to be requesting preliminary injunctive relief, seeking a portion of the ultimate relief requested by the Complaint. Accordingly, in order to prevail it is incumbent on plaintiffs to demonstrate: "'(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor.'" *Tuccillo v. Geisha NYC, LLC*, – F. Supp. 2d –, No. 09-CV-2022 (JFB) (WDW), 2009 WL 2170617, at *8 (E.D.N.Y. July 22, 2009) (quoting *MyWebGrocer, LLC v. Hometown Info., Inc.*, 375 F.3d 190, 192 (2d. Cir. 2004)).

The Court finds no clear error in the R&R's conclusion that plaintiffs' application is premature. Because there has been no discovery, and plaintiffs have not provided a scintilla of evidence, by affidavit or otherwise, the Court cannot find that they have demonstrated either a likelihood of success on the merits or, even, sufficiently serious questions going to the merits. (*See* R&R at 23-24.) Moreover, plaintiffs have made no showing of irreparable harm or even a balance of hardships tipping decidedly in their favor, given that there is some indication that Suffolk County has a procedure in place in which plaintiffs can challenge the vehicle seizures during the pendency of the instant civil rights action. (*See* R&R at 8, 27.)

Accordingly, the Court finds no clear error in the R&R's recommendations that plaintiffs' application be denied without prejudice, with

---

[1] By application dated September 9, 2009, counsel for plaintiffs requested an extension to file their objections to the R&R. By Order extended the deadline for plaintiffs to file their objection to September 25, 2009. Plaintiffs did not file any objections by September 25, 2009, and have not otherwise contacted the Court to request an extension. In any event, the Court notes that it would reach the same conclusion under a *de novo* standard of review.

leave for plaintiffs to renew an application for either a preliminary injunction, or motion for summary judgment, with the requisite evidentiary support.

### III. CONCLUSION

For the foregoing reasons, the Court ADOPTS the R&R's in its entirety, and, accordingly, plaintiff's application is denied without prejudice. The parties are directed to proceed with discovery in accordance with the directions of Magistrate Judge Tomlinson.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: September 29, 2009
Central Islip, New York

\* \* \*

Plaintiffs are represented by Christopher Joseph Cassar, Esq., of 13 East Carver Street, Huntington, NY 11743. Defendants are represented Chris P. Termini, Esq., Assistant County Attorney, on behalf of Christine Malafi, Esq., Suffolk County Attorney, H. Lee Dennison Building, P.O. Box 6100, 100 Veterans Memorial Highway, Hauppauge, NY 11788.